# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL R. STITT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No. 14-1143<br><br>Related to: Crim. Action No. 12-45<br><br>Judge Cathy Bissoon |

## ORDER

For the reasons that follow, Carl R. Stitt's Petition under Section 2255 will be denied. Petitioner was sentenced before this Court, after having entered a plea agreement in which he waived his rights to appeal the sentence or to bring a collateral attack under Section 2255. During the Change of Plea Hearing, the Government specifically highlighted the 2255-waiver, and the Court question and confirmed Petitioner's understanding of the same. *See* Doc. 53 at pgs. 18-19. Petitioner currently does not dispute the validity of the waiver, whether based on knowingness, voluntariness or otherwise, and the Court of Appeals for the Third Circuit has enforced the same waiver provisions in Petitioner's direct appeal. *See* Doc. 82 (3rd Cir. Ct.'s Mandate, summarily granting government's Motion to Enforce Appellate Waiver).

The question, here, is whether the collateral attack provisions of the waiver likewise should be enforced.[1]

---

[1] An evidentiary hearing is unnecessary to determine this issue, nor would one be helpful regarding any of the other issues discussed herein. *See generally* U.S. v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005).

In this Circuit, waivers of habeas relief will be enforced so long as they are knowing and voluntarily made and their enforcement will not work a miscarriage of justice. *See* U.S. v. Mabry, 536 F.3d 231, 241-42 (3d Cir. 2008). Petitioner does not level meaningful challenges in these regards, and the Court of Appeals has, under the circumstances presented, summarily enforced such waivers. *See, e.g.*, U.S. v. Done, 589 Fed. Appx. 49, 51 (3d Cir. Jan. 21, 2015) ("if [the defendant had] wanted to preserve these claims, he should have attempted to negotiate a conditional guilty plea rather than entering an unconditional guilty plea [and waiver]").

The Petition in this case does not call these conclusions into question. Rather, Petitioner acknowledges his 2255-waiver, but claims that his "rights were restored . . . when it came down that any person convicted of a federal crime [has] the right to file for ineffective assistance of counsel under [Section] 2255." *See* Doc. 1 at 12. Petitioner offers no legal authority in support of this proposition, nor is the Court aware of any. Although the standard practices in this District recently have been modified to exclude collateral-attack waivers from plea agreements, this says nothing regarding the enforcement of waivers in preexisting agreements.[2]

---

[2] In referencing a decision that "came down" automatically restoring his 2255-rights, Petitioner is likely, and mistakenly, referencing the decision in Williams v. U.S., 2014 WL 4060263 (W.D. Pa. Aug. 14, 2014). In Williams, the District Court held, based on the specific facts and circumstances before it, that enforcing the petitioner's 2255-waiver would have resulted in a miscarriage of justice. *See id.*, 2014 WL 4060263, *15 (W.D. Pa. Aug. 14, 2014). Williams is distinguishable, in that the petitioner specifically alleged that his counsel was ineffective in convincing him to waive his appellate and habeas rights. *See id.* at *7. No such challenge is asserted here, and the Court does *not* read Williams to hold that 2255-waivers are *per se* unenforceable. *See id.* at *10 ("a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance," and "[t]he proper standard for evaluating objective reasonableness is . . . reasonably effective assistance under prevailing professional norms") (citations and internal quotations omitted, emphases added) *with id.* at *15-16 ("broad appellate and collateral attack waivers were widely accepted and enforced in this judicial district at the operative periods of time," and in declining to enforce waiver, "the court ascribe[d] no blame to . . . counsel for the government [or the defendant] for allowing the waiver to be included" because "[s]uch waivers were customary and routine") (emphases added).

In this case, Petitioner makes no argument that his counsel were ineffective by negotiating a plea agreement including a 2255-waiver. *See* Doc. 1. He has failed to articulate any meaningful grounds for concluding that counsel's legal representation fell short of "objective reasonableness." Indeed, any such suggestion is fundamentally inconsistent with his request that the lawyer in question <u>be appointed to represent him in this Section 2255 action</u>. *See* Doc. 87.[3] Petitioner has not leveled a coherent ineffective-assistance challenge, and, therefore, this issue has no bearing on the enforceability of the waiver.

In sum, Petitioner has neither suggested nor shown that his 2255-waiver was unknowingly or involuntarily made, or that its enforcement will result in a miscarriage of justice. Accordingly, the waiver is effective, and it bars this collateral action.[4] Thus, Petitioner's Motion under Section 2255 (**Doc. 1**) is **DENIED**, and for the same reasons, his Motion (**Doc. 87**) for appointment of counsel is **DENIED**. Finally, no certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable. *See* <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

---

[3] The lawyer who represented Petitioner during plea-negotiations later was permitted to withdraw, and Petitioner's second-appointed counsel represented him from December 6, 2012 until sentencing on May 2, 2013. New counsel actively and vigorously defended Petitioner's interests, but did not attempt to revisit the relevant waivers, thereby, in essence, ratifying their inclusion. This was understandable, given that the waivers were understood to be important consideration to the government, accepted in exchange for significant benefits enjoyed by Petitioner as a result of his plea agreement. *See* Gov't.'s Resp. (Doc. 88) at 2, ¶ 3 (plea agreement dismissed one count against Petitioner and resulted in imposition of sentence below otherwise-applicable Guideline range).

[4] The Court notes that, absent the waiver, Petitioner's challenges would have fared no better. His arguments are either procedurally defaulted, *see* Gov't.'s Resp. at pgs. 5-6, and/or reflect fundamental misunderstandings regarding determinable fact. *Compare* Doc. 1 at pg. 4 (claiming Petitioner was advised, incorrectly, that "the government would drop Count 2 of [his] Indictment" and provide benefits at sentencing) *with* Judgmt. in Crim. Action No. 12-45 (Doc. 70) at 1 (Count 2 was, indeed, "dismissed on the motion of the United States") *and* discussion *supra* (Petitioner's plea agreement led to sentence below Guideline range).

IT IS SO ORDERED.


March 31, 2015                                        s\Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States District Judge

cc (via First-Class U.S. Mail):

Carl R. Stitt
USMS 07951068
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV  26525


cc (via ECF email notification):

All Counsel of Record